UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

CAMERON J. MABREY and TINA A. MABREY, )
)
        Plaintiffs, )
) Case No.  2:05-cv-00051-RLH-GWF
v. )
) **O R D E R**
UNITED STATES OF AMERICA, )
)
        Defendant. )
_____)

    This matter is before the Court on Plaintiffs' Motion to Exclude Defendant's Experts (#22), filed on May 31, 2006; Defendant's Opposition to Plaintiff's Motion to Exclude Defendant's Experts and Defendant's Request for a Second Discovery Conference (#24), filed on June 20, 2006; and Plaintiffs' Reply Memorandum Supporting Its Motion to Exclude Defendant's Experts; Plaintiffs' Response to Defendant United States' Request for a Second (Actually a Third) Discovery Conference (#25), filed on June 29, 2006.  A hearing was conducted by the Court on July 6, 2006.

## **BACKGROUND**

    This case involves a claim under the Federal Tort Claims Act ("FTCA") for bodily injuries sustained by the minor Plaintiff, Cameron Mabrey, as a result of the medical malpractice of the Naval Hospital, Pensacola, Florida during his birth-delivery on April 29, 1997.  Plaintiff has allegedly sustained permanent injuries including cognitive, intellectual, and socialization deficits and impairment of physical function.

. . .

   Plaintiffs filed this action on January 18, 2005. The parties' initial Stipulated Discovery Plan and Scheduling Order (#6) was filed on April 26, 2005 and provided for a discovery cut-off date of November 19, 2005 and the disclosure of expert witnesses and rebuttal expert witnesses on September 20, 2005 and October 20, 2005, respectively. Pursuant to stipulation and order (#9), the discovery cut-off date was extended to February 7, 2006 and the expert witness and rebuttal expert witness disclosures were extended to December 19, 2006 and January 18, 2006, respectively. On January 30, 2006, Defendant filed a Motion for Discovery Conference (#13), requesting an extension of discovery, including additional time in which to retain and designate expert witnesses. On February 16, 2006, the Court granted a further extension of discovery and the parties filed a Stipulated Amended Discovery Plan and Scheduling Order (#19) on March 3, 2006, pursuant to which discovery was extended to June 19, 2006 and the expert witness and rebuttal expert witness disclosure deadlines were extended to April 19, 2006 and May 19, 2006, respectively.

   Following the last extension of discovery on February 16, 2006, Defendant arranged for Dr. Linda Brown to perform an independent medical examination of Plaintiff Cameron Mabrey which occurred on April 14, 2006. Prior to this examinations, Plaintiffs also had Cameron Mabrey examined by its expert Dr. Robert Podosin.

   Plaintiffs disclosed their expert witnesses prior to the expert witness disclosure deadline. Defendant did not disclose any experts by the April 19, 2006 deadline for initial expert witness disclosures, but did disclose Daniel M. Hall, M.D. and Linda M. Brown, M.D., as its expert witnesses on May 19, 2006, the last day to disclose rebuttal expert witnesses. Defendant's experts have opined that the minor Plaintiff chiefly suffers from autism, which they state was not caused by the complications of his birth and the medical malpractice allegedly committed by Defendant's physicians.

    Plaintiffs move to exclude Defendant's experts on the grounds that they should have been disclosed on or before the initial expert witness disclosure deadline of April 19, 2006 and were, therefore, not timely disclosed in compliance with the Stipulated Amended Discovery Plan and Scheduling Order (#19) entered on March 3, 2006. Plaintiffs argue that Defendant's expert witnesses are not rebuttal expert witnesses because their opinions are based on their independent review of the medical records and other evidence and were not drafted in response or rebuttal to the opinions of

Plaintiffs' experts. Plaintiffs also argue that Defendant's experts' opinions support Defendant's affirmative defenses on which Defendant has the burden of proof and, therefore, should have been disclosed prior to the expert witness disclosure cut-off date of April 19, 2006. Defendant argues that it properly disclosed its experts by the rebuttal expert deadline, because, as the Defendant, it has no experts unless and until the Plaintiffs disclose their experts and Defendant then has the opportunity determine whether it needs to call experts to explain or rebut the opinions of Plaintiffs' expert witnesses.

The parties disagree as to whether Plaintiffs have been prejudiced by Defendant's disclosure of its expert witnesses on the rebuttal expert witness deadline. Plaintiffs argue that they have been prejudiced because they now have no opportunity to offer rebuttal expert opinions in response to Defendant's expert witness disclosure and they anticipate that the Court will prohibit their experts from offering any such rebuttal opinions at trial because they were not disclosed in the experts' reports. Defendant argues that Plaintiffs are not prejudiced because their experts have not yet been deposed and Plaintiffs' experts still have the opportunity to give rebuttal opinions to Defendant's experts. Otherwise, the chief prejudice, if any, to the alleged untimely disclosure of Defendant's experts is the potential need to extend discovery to complete the experts' depositions and also the possible necessity of postponing the trial date in this case, **which according to the docket, is set for August 28, 2006.**

## **DISCUSSION**

The Stipulated Discovery Plan and Scheduling Order and the extensions thereof in this case adopted the standard language set forth in Local Rule 26-1(e)(3) which provides that the parties' expert witnesses are to be disclosed sixty (60) days prior to the discovery cut-off date and that rebuttal expert witnesses are to be disclosed thirty (30) days prior to the discovery cut-off date. In this regard, Rule 26-1(e)(3) modifies the provisions of Fed.R.Civ.Pro. 26(a)(2)(C) regarding the time deadlines for disclosure of experts. The parties' stipulated discovery plan and scheduling order can, with court approval, modify the disclosure deadline provisions of Rule 26-1(e)(3).

Plaintiffs argue that because the Stipulated Discovery Plan and Scheduling Order and the extensions thereof did not expressly provide for sequencing of Plaintiffs' and Defendant's expert witness disclosures, the parties' experts were required to be disclosed simultaneously. Rule

1  26(a)(2)(C), however, also states that "if the evidence is intended solely to contradict or rebut evidence
2  on the same subject matter identified by another party under paragraph (2)(B), the disclosure must be
3  made within 30 days after the disclosure made by the other party."  The Advisory Committee Notes to
4  the 1993 Amendments to Rule 26 further state that "[n]ormally the court should prescribe a time for
5  these disclosures in a scheduling order under Rule 16(b), and in most cases the party with the burden of
6  proof on an issue should disclose its expert testimony on that issue before other parties are required to
7  make their disclosures with respect to that issue."  LR-26-1(e)(3) modifies Rule 26(a)(2)(C) only
8  insofar as providing the time for disclosure of expert reports and rebuttal expert reports prior to the
9  close of the discovery period.  Thus, absent a specific order providing otherwise, Rule 26(a)(2)(C)
10 requires that expert witnesses on an issue or issues on which the parties respectively have the burden of
11 proof, be simultaneously disclosed.

12         In *Plumbers & Pipefitters Local 572 Pension Fund v. Cisco Systems*, Not Reported in
13 F.Supp.2d, 2005 WL 1459572 (N.D. Cal. 2005), the court dealt with a similar issue to that presented in
14 this case.  There, the court entered a scheduling order submitted by the parties that provided a deadline
15 date for the parties' disclosure of expert witnesses with respect to a claim or defense and also provided
16 that if the testimony of the expert is intended solely to contradict or rebut opinion testimony on the
17 same matter by another party, the rebuttal expert must be disclosed by a subsequently listed deadline
18 date.  The defendant thereafter moved the court to set a staggered schedule for disclosure of experts and
19 to provide that defendant's experts be disclosed only after plaintiffs disclosed their experts.  In granting
20 the defendant's motion, the court held that plaintiffs had the burden to prove all the elements of their
21 claims and defendant's experts would need to know in advance what theories were being advanced by
22 plaintiffs through their experts to which defendant's experts would need to respond.  Accordingly, the
23 court held that requiring plaintiffs to make their Rule 26(a)(2) disclosures in advance of Defendants was
24 more consistent with the parties' burdens in the case.  In holding that plaintiffs were not prejudiced by
25 such staggered disclosures, the court stated:

26 > Since Plaintiffs have the burden of proof, Plaintiffs have the burden of presenting the evidence first.  Plaintiffs will have an opportunity to
27 > respond to Defendants' expert reports in their rebuttal reports, including theories relied upon by Defendants experts with respect to their
28 > affirmative defenses.

In this case, Defendant's counsel asserts that it has been her consistent practice to disclose defendant's expert witnesses only at the rebuttal expert witness disclosure date. The Court's experience, however, is otherwise. In most cases, the parties designate their experts on the initial disclosure date and, if necessary, provide supplemental expert reports by the rebuttal expert witness deadline to rebut the opinions of the opponent's expert. If the defending party on a particular claim desires to only disclose its experts on the rebuttal expert witness date, then the better practice is to obtain agreement from the opposing party to specifically provide for such staggered disclosure in the discovery plan and scheduling order, or if agreement cannot be reached, to do as the defendant did in *Plumbers & Pipefitters Local 572 Pension Fund,* and move the court to enter a staggered expert witness disclosure order. In this case, the initial discovery plan and scheduling order was extended on two occasions, and there was no reason why counsel could not have discussed this issue and clarified it in advance of the expert witness and rebuttal expert witness deadlines.

In an FTCA action such as this, the substantive law of the place where the acts or omissions occurred governs questions of liability. *See Nunsuch v. United States*, 221 F.Supp.2d 1027 (D.Ariz. 2001) (holding that in an FTCA action for medical malpractice, governing Arizona law requires that where the negligence is not grossly apparent, plaintiff must present expert witness testimony.) In this case, the alleged acts or omissions occurred in Florida, and the law of that state appears to also require expert witness testimony to prove a claim for medical malpractice, including breach of the standard of care and causation of injury. *See Wroy v. North Miami Medical Center, Ltd.*, — So.2d — , 2006 WL 1687656 (Fla.App. 2006). Plaintiffs, therefore, have the burden of proof on the issue of medical malpractice and causation and are required to present expert witness testimony to prove both malpractice and causation. Defendant's answer in this case alleges a number of affirmative defenses, some of which simply appear to be negations of the issues of liability or causation on which Plaintiff has the burden of proof.

Fed.R.Civ.Pro. 37(c)(1) provides that a party who, without substantial justification, fails to disclose information required by Rule 26(a) is not, unless such failure is harmless, permitted to use as evidence at a trial, hearing, or on a motion any witness or information not so disclosed. The Rule provides that in addition to or in lieu of this sanction (witness exclusion), the court, on motion and after

1  affording an opportunity to be heard, may impose other appropriate sanctions, including an award of
2  fees and costs and the imposition of other sanctions authorized under Rule 37(b)(2)(A), (B) and (C).  In
3  *Yeti By Molly Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001), the court stated that
4  district courts have particularly wide latitude in exercising their discretion under Rule 37(c)(1).  The
5  court, citing *Konski v. Mahlab*, 156 F.3d 255, 269 (1st Cir. 1998), further noted that this particular
6  subsection of Rule 37, implemented in the 1993 amendments to the Rules, was a recognized broadening
7  of the sanctioning power and clearly contemplated stricter adherence to discovery requirements and
8  harsher sanctions for breach of the rules.  *Yeti By Molly Ltd.* noted that courts have upheld the use of the
9  sanction of expert witness exclusion even when a litigant's entire cause of action or defense has been
10 precluded.  *Id., citing Ortiz-Lopez v. Sociedad Espanola de Auxilo Mutuo Y Beneficianece de Puerto
11 Rico*, 248 F.3d 29, 34 (1st Cir. 2001).  Two express exceptions in Rule 37(c)(1), however, ameliorate
12 the harshness of the Rule.  The information may be used if the party's failure to disclose was
13 substantially justified or harmless.  It is the obligation of the party facing sanctions to show that its
14 failure to comply with Rule 26(a)(2) was either justified or harmless.  *Yeti By Molly Ltd., supra,* at
15 1107.  In *Wong v. Regents of the University of California*, 410 F.3d 1052 (9th Cir. 2005), the court
16 affirmed the district court's order excluding plaintiff's expert witnesses who were designated after the
17 expert witness disclosure date.  *See also Quevedo v. Trans-Pacifico Shipping, Inc.*, 143 F.3d 1255 (9th
18 Cir. 1998) (affirming district court's order excluding plaintiff's sole liability expert.)

19        Under Fed.R.Civ.Pro. 26(a)(2)(C) and LR 26-1(e)(3), Defendant was arguably entitled to
20 disclose its expert witnesses on the rebuttal expert witness disclosure deadline if its experts' opinions
21 are intended solely to contradict or rebut evidence on the same subject matter by Plaintiffs' expert
22 witnesses and as to which Plaintiffs have the burden of proof.   Because the Advisory Notes also
23 indicate that in most cases the party with the burden of proof on an issue should disclose its expert
24 testimony on that issue before other parties are required to make their disclosures, the Court will not
25 exclude Defendant's experts to the extent they are offered solely to rebut the opinions of Plaintiffs'
26 expert witnesses on the issue of causation of Plaintiff's injuries or condition.

27      Because Defendant elected to only disclose its expert witnesses on the rebuttal expert witness
28 disclosure date, however, Defendant's expert witnesses will no be permitted to testify to any expert

opinion regarding an issue on which Defendant has the burden of proof. For future reference, if Defendant or its counsel desire only to designate their expert witnesses after the plaintiff has disclosed its experts, this should be expressly stated in the discovery plan or scheduling order, or pursuant to an order obtained on motion.

To avoid unfair prejudice to the Plaintiffs, they may submit rebuttal expert witness reports to the opinions offered by Defendant's experts on or before August 7, 2006.

At the hearing on this matter, Defendant's counsel advised the Court that due to an illness, she was unable to take or complete the depositions of Defendant's expert witnesses prior to the discovery cut-off date of June 19, 2006. Plaintiffs, likewise, have not deposed Defendant's expert witnesses whose exclusion they sought. The Court will according extend the time for completion of expert witness depositions to August 14, 2006. The other pre-trial deadlines shall remain in effect.

The Court, by separate order, will schedule this case for a settlement conference in August, 2006. If the parties jointly request an earlier settlement conference in this matter, the Court will accommodate the parties' request as the Court's calendar allows. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion to Exclude Defendant's Expert Witnesses (#22) is **Granted**, in part, and **Denied**, in part, as provided in this order.

**IT IS FURTHER ORDERED** that discovery in this case is reopened to permit Plaintiffs to disclose rebuttal expert reports on or before **August 7, 2006** and to permit the depositions of the parties' expert witnesses to be taken and completed on or before **August 14, 2006**. All other pre-trial deadlines shall remain in effect.

DATED this 7th day of July, 2006.

GEORGE FOLEY, JR.
U.S. MAGISTRATE JUDGE